UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Rachel Eta Hill, | Case No. 19-sc-1368 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RS Eden, | |
| Defendant. | |

---

Rachel Eta Hill, 1815 Portland Avenue #A, Minneapolis, MN 55404 (*pro se* Plaintiff);
_____

## I.     INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion for Ex-Parte Relief (ECF No. 14). This motion has been referred to the undersigned magistrate judge for a Report & Recommendation to the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 17). Based on all the files, records, and proceedings herein, and for the reasons that follow, the Court recommends that Plaintiff's motion be **DENIED**.

## II.     BACKGROUND

On May 23, 2019, Plaintiff Rachel Eta Hill filed a complaint against Defendant RS Eden, alleging violations of the Fair Housing Act, Title VI of the Civil Rights Act, and the Violence Against Women Act. (ECF No. 1). Plaintiff contends that Defendant, her

landlord, terminated her lease unlawfully. (ECF No., p. 5). She seeks monetary damage and suspension of her lease termination. (ECF No. 1, p. 6).

On July 18, 2019, Plaintiff filed a Motion for Ex-Parte Relief. (ECF No. 14). She states that after she filed her complaint, Defendant obtained an eviction order against her from the Hennepin County District Court and unlawfully evicted her from her residence. As a remedy for the unlawful eviction, Plaintiff seeks restoration of "her person, papers, and property." (ECF No. 14, p. 1). It appears Plaintiff is asking the Court to order that she be permitted to repossess her previous residence until this litigation is complete.

### III.    ANALYSIS

The Court construes Plaintiff's motion as seeking an ex parte temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). A temporary restraining order may issue without notice to the adverse party only if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant shows efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b).[1] The purpose of a temporary restraining order is to maintain the status quo. *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir. 1988).

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *C.S. McCrossan Constr., Inc. v. Minnesota Dept. of*

---

[1] The Court notes that Plaintiff did not comply with Federal Rule of Civil Procedure 65(b)(1)(B), which requires a party to certify in writing any efforts made to give notice to the other side and the reasons why notice should not be required. Plaintiff's failure to provide such a certification alone justifies denial of her motion. Given Plaintiff's pro se status, however, the Court will excuse her failure to provide a written certification of her efforts to give notice and consider the merits of her argument.

*Transp.*, 946 F. Supp. 2d 851, 857 n. 10 (D. Minn. 2013) (citing *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708-09 (8th Cir. 1989)). The Court must consider the following four factors, commonly referred to as the *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the balance between the harm identified by the moving party and the injury that granting the injunction will inflict on the other parties; (3) the probability that the moving party will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Because a temporary restraining order is an extraordinary remedy, the burden is on the moving party to show the order is justified. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844, (8th Cir. 2003).

For several reasons, Plaintiff fails to demonstrate that a temporary restraining order is necessary to preserve the status quo and prevent irreparable harm. This alone requires the Court to recommend that her motion be denied. "Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted." *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

First, Plaintiff cannot show that a temporary restraining order will preserve the status quo. Plaintiff concedes that she has already been evicted from her residence. By asking the Court to issue an order allowing her recovery of the home, Plaintiff is asking that the Court restore the status quo retroactively. This Court may not grant retroactive relief through a motion for a temporary restraining order. *Percival v. U.S. Bank Nat'l Ass'n*, No. EDCV 09-1879 VAP, 2009 WL 10675892, at *1 (C.D. Cal. Dec. 11, 2009)

3

(citing *GotTo.Com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)); *see also Collins v. Shapiro & Swertfeger, LLP Wells Fargo, N.A.*, No. 12-cv-1116, 2012 WL 13014931, at *3 (N.D. Ga. Oct. 5, 2012) ("Furthermore, since Plaintiff has already been evicted, the relief she requests, being reinstated to her former house, is outside the scope of a TRO.") (citing *Fernandez-Rogue v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982)). Plaintiff is not entitled to a temporary restraining order for this reason alone.

Second, even if the Court could restore the status quo by granting Plaintiff's motion, Plaintiff still fails to establish irreparable harm. There can be no doubt that evictions are stressful and destabilizing events in a person's life, or that they are likely to cause significant harm to the person being evicted. But to establish that an eviction will result in *irreparable harm*, as necessary to obtain a temporary restraining order, the moving party must show more. In particular, the moving party must establish that the eviction will result in harm that cannot be adequately compensated by an award of monetary damages. *Allen v. Wilford & Geske*, No. 10-cv-4747, 2010 WL 4983487, at *3 (D. Minn. Dec. 2, 2010). Typically, a plaintiff can demonstrate this only by demonstrating that his or her ability "to find suitable, affordable housing is questionable." *Hruby v. Larsen,* 05-cv-894, 2005 WL 1540130, at *4 (D. Minn. June 30, 2005). In this case, Plaintiff does not explain why monetary damages are insufficient to compensate her for any injury that she suffered from her eviction.[2] Nor does she claim that she has been unable to obtain affordable housing following her eviction.

---

[2] The fact that Plaintiff seeks an award of monetary damages in her complaint further suggests monetary damages are an adequate remedy. *Allen*, 2010 WL 4983487, at *3.

4

Finally, the fact that Plaintiff waited a substantial amount of time before seeking a temporary restraining order weighs heavily against a finding of irreparable harm. *See Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.,* 182 F.3d 598, 603 (8th Cir. 1999) (concluding that the plaintiff's delay in seeking injunctive relief "belies any claim of irreparable injury pending trial"). Defendant notified Plaintiff that it was terminating her lease on April 24, 2019. Plaintiff, however, waited nearly three months before seeking emergency injunctive relief. She also did so only after eviction proceedings were completed. "[T]he failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.,* 09-cv-1091, 2010 WL 2131007, at *1 (D. Minn. May 25, 2010) (citation and internal quotation marks omitted). In this case, there is nothing in the record to suggest that Plaintiff could not have acted sooner. In fact, she filed this lawsuit after Defendant terminated her lease, but before Defendant commenced eviction proceedings. Plaintiff could have easily sought a temporary restraining order at the time she filed her complaint. Her failure to do so also weighs against a finding of irreparable harm.

Because a temporary restraining order is not necessary to preserve the status quo and prevent irreparable harm, the Court need not consider any of the *Dataphase* factors. *See Gelco*, 811 F.2d at 418. The Court notes, however, that Plaintiff barely attempted to address these other factors in her motion. Plaintiff did not attempt to balance her harm against the harm the Defendant would suffer if a temporary restraining order were to issue. She also does not explain why the public interest favors relief. She also failed to

5

demonstrate that she was likely to succeed on the merits of her action. Though Plaintiff argues that Defendant acted unlawfully in evicting her, she does so only by making the conclusory argument that certain provisions of federal law permit her to challenge her lease termination without suffering the loss of her "person, papers, and property." (ECF No. 14, p. 2). Plaintiff does not explain with any detail why the federal law that she identified supports temporary injunctive relief. Nor does she cite to any cases where courts relied on the law that she identified to reverse an already-completed eviction proceeding. Because Plaintiff fails to address adequately the other *Dataphase* factors, the Court recommends that her motion for emergency ex-parte relief be denied for this reason as well.

IV. **RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Ex-Parte Relief (ECF No. 14) be **DENIED**.

Date: July 24, 2019

                                            *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
For the District of Minnesota

*Hill v. RS Eden*
Case No. 19-sc-1368 (MJD/TNL)

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).