# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Rachel Eta Hill, | Case No. 19-cv-1368 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RS Eden, | |
| Defendant. | |

Rachel Eta Hill, 740 17th Street East, Minneapolis, MN 55404[1] (*pro se* Plaintiff); and

Laurel J. Pugh and Robin Ann Williams, Abriter PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401 (for Defendant).

## I.  INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion to Dismiss for Failure to Prosecute and Summary Judgment Motion. (ECF No. 35). This motion has been referred to the undersigned magistrate judge for a Report and Recommendation to the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 42). Based on all the files, records, and proceedings herein, and for the reasons that follow, the Court recommends that the motion be granted and the matter be dismissed.

---

[1] For reasons explained below, the last provided address for Plaintiff is likely inaccurate.

## II.     BACKGROUND

On May 23, 2019, Plaintiff Rachel Eta Hill filed a complaint against Defendant RS Eden, alleging violations of the Fair Housing Act, Title VI of the Civil Rights Act, and the Violence Against Women Act. (ECF No. 1). Plaintiff contends that Defendant, her landlord, terminated her lease unlawfully. (ECF No. 1, p. 5). She seeks monetary damage and suspension of her lease termination. (ECF No. 1, p. 6).

With the exception of an ex parte motion seeking injunctive relief (ECF No. 14), Plaintiff has not participated in this litigation. She did not participate in the drafting of the Rule 26(f) report. (ECF No. 39, p. 2). She did not attend the Court's August 12, 2019 pretrial conference. (ECF No. 22). She did not serve initial disclosures as required by Rule 26. (ECF No. 39, p. 2). She did not respond to Defendant's written discovery requests. (ECF No. 39, pp. 1-2). She did not respond to a motion to unseal the record. (ECF No. 25). She has not responded to this motion.

In addition, Plaintiff has also failed to keep the Court or Defendant apprised of her current address. Mail has been returned to the Court and Defendant on multiple occasions, including most recently on April 6, 2020. (ECF Nos. 10, 39). On at least one occasion, the Court has ordered Plaintiff to provide Defendant her current address. (ECF No. 31). Plaintiff did not do so.

## III.     ANALYSIS

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R.*

*Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. As outlined above, Plaintiff has failed to participate in any meaningful way in this litigation, other than a motion for ex parte restraining order. She has not responded to discovery or served initial disclosures. She has not responded to any of Defendant's motions. She has not attended any hearing required of her. Given these circumstances, dismissal of this lawsuit for failure to prosecute is appropriate.

3

Furthermore, Plaintiff has not kept the Court apprised of her current address, even when ordered to do so. "It is Plaintiff's responsibility to keep this Court properly apprised of [her] current address so that [s]he may receive correspondence from this Court." *Jackson v. Brown*, No. 18-cv-2567 (WMW/LIB), 2020 WL 1236708, at *3 (D. Minn. Jan. 3, 2020), *adopting report and recommendation*, 2020 WL 1236562 (D. Minn. Mar. 13, 2020); *see also Hogquist v. Anoka Cnty. Dist. Courts*, No. 19-cv-2471 (WMW/KMM), 2019 WL 6874709, at *1 n.1 (D. Minn. 17, 2019) ("It is a petitioner's responsibility to provide updated contact information to ensure timely receipt of case-related communications."). As a result of Plaintiff's refusal to provide a current address, it has been virtually impossible for this matter to move forward. Dismissal for failure to prosecute is appropriate for this reason as well.

Now, the Court must determine how dismissal of those claims is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, notwithstanding Plaintiff's pro se status, that dismissal with prejudice is appropriate. The Court recognizes that dismissal with prejudice is an extreme sanction. *Id*. But in this case, Plaintiff has failed to comply with a court order directing her to provide her address to Defendant and utterly failed to comply with any of her obligations under the Federal Rules of Civil Procedure. *See Hutchins*, 116 F.3d at 1260 (holding that willful violation of court orders and intentional disregard of the Federal Rules of Civil Procedure justify dismissal with prejudice). As a result, both the Court and Defendant have had to invest considerable time and resources into a lawsuit that it now appears Plaintiff had no interest in pursuing. Dismissal with prejudice is therefore an appropriate sanction given Plaintiff's conduct.

4

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Prosecute and Summary Judgment Motion (ECF No. 35) be **GRANTED**, that the matter be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

Date: May 1, 2020                              *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               For the District of Minnesota

                                               *Hill v. RS Eden*
                                               Case No. 19-cv-1368 (MJD/TNL)


## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).